UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANKIE MANUEL MIRANDA,<br><br>　　　　　Defendant-Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent. | Case No. C20-963RSL<br><br>ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

In this motion under 28 U.S.C. § 2255, petitioner Frankie Manuel Miranda moves to vacate, set aside, or correct his sentence under 18 U.S.C. § 922(g). Case No. CV20-963RSL Dkt. # 1. The Court has considered the parties' memoranda, the exhibits, and the remainder of the record. For the following reasons, the petition is denied.

## I.   BACKGROUND

On February 22, 2017, Miranda entered a guilty plea to the following charges:

Count 1: *Felon in Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1).

Count 2: *Felon in Possession of a Firearm*, in violation of Title 18, United States Code, Section 922(g)(1).

Count 3: *Possession of a Firearm in Furtherance of a Drug Trafficking Crime*, in violation of Title 18, United States Code, Section 924(c)(1)(A).

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 1

Case No. CR16-186RSL, Dkt. # 46 at 1–2.[1] The Court imposed 60 months on Counts 1 and 2 and 60 months on Count 3 to be served consecutively for a total sentence of 120 months. CR. Dkt. # 78 at 2. As part of Miranda's plea agreement, Miranda agreed to waive any right to bring a collateral attack, except as to effectiveness of legal representation, against any of the convictions in his plea agreement. CR Dkt. # 46 at 9–10. Miranda did not appeal his conviction or sentence. See generally CR Dkt.

The "Statement of Facts" in Miranda's plea agreement notes that Miranda had previously been convicted of at least the following crime punishable by imprisonment for a term exceeding one year: *Unlawful Possession of a Firearm in the Second Degree* in King County Superior Court under cause number 10-C-08175-1 KNT on or about December 3, 2010. CR Dkt. # 46 at 7. Miranda's presentence report notes Miranda had previously been convicted of *Attempted Unlawful Possession of a Firearm in the First Degree* in King County Superior Court under case number 10-1-08175-1 on December 3, 2010, for which Miranda served 19.5 months in custody. CR Dkt. # 68 at 9.

On August 21, 2018, Miranda filed a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel for failure to file a notice of appeal for which he received an evidentiary hearing on April 25, 2019. CV Dkt. # 1 at 2–3. Following the evidentiary hearing, Miranda filed a "Waiver of Right to Appeal and Voluntary Withdrawal of Motion Pursuant to 28 U.S.C. § 2255." CV Dkt. # 1 at 3. The parties filed a Stipulated Motion to Dismiss that the Court granted on May 20, 2019, without reaching a decision on the merits. CV Dkt. # 1 at 3.

In June 2020, Miranda filed this 28 U.S.C. § 2255 motion to vacate his convictions for Felon in Possession of a Firearm under 18 U.S.C. § 922(g) in light of the Supreme Court's decision in Rehaif v. United States. 139 S. Ct. 2191 (2019); CV Dkt. # 1. Miranda argues that because the Court failed to advise him of the element requiring knowledge of his prohibited

---

[1] Hereinafter, citations referring to the civil case docket will be noted as "CV Dkt. xx" and as "CR Dkt. xx" for the criminal case.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 2

status under § 922(g) pursuant to Rehaif, Miranda's plea was not knowingly and intelligently made, and thus violated the Due Process Clause under the Constitution and Federal Rule of Criminal Procedure 11(b)(G). CV Dkt. # 1 at 7; 139 S. Ct. 2191.

## II.     DISCUSSION

### A.     Preliminary Issues

#### 1.     Timeliness

The government concedes Miranda's motion is timely. CV Dkt. # 4 at 3. Under 28 U.S.C. § 2255, a claim is timely if it is brought within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3). On June 21, 2019, the Supreme Court issued its decision in Rehaif, holding that a felon-in-possession conviction under 18 U.S.C. § 922(g) requires proof the defendant knew of his prohibited status as a felon. 139 S. Ct. at 2194. The government agrees that Rehaif applies retroactively to cases on collateral review. CV Dkt. # 4 at 4 (citing Welch v. United States, 136 S. Ct. 1257, 1264–66 (2016)). Because Miranda's § 2255 motion was filed within one year of the Rehaif decision, Miranda's Rehaif-based claim is timely. 28 U.S.C. § 2255(f)(3).

#### 2.     Successive Motion

The government concedes that this is not a successive § 2255 motion. CV Dkt. # 4 at 3. In relevant part, 28 U.S.C. § 2255(h) provides that "[a] second or successive motion must be certified in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). The Supreme Court has held that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits . . . is not a second or successive petition." Slack v. McDaniel, 529 U.S. 473, 485–86 (2000). Because Miranda's 2018 § 2255 motion was not adjudicated on the merits, Miranda's present motion is not "second or successive" under 28 U.S.C. § 2255(h) and does not require appellate certification. In general, a new petition is "second or successive" if it raises claims that

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 3

were or could have been adjudicated on their merits in an earlier petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001). Miranda's instant motion is not second or successive because Rehaif was decided more than one month after Miranda voluntarily withdrew the 2018 motion and raises claims that could not have been adjudicated on their merits in the earlier petition.

### 3. Collateral Attack Waiver

The government's argument that Miranda waived his right to collaterally attack his conviction is unpersuasive because Miranda is challenging the validity of his guilty plea, including the waiver on which the government relies. See United States v. Portillo-Cano, 192 F.3d 1246, 1249–50 (9th Cir. 1999) (reasoning that a waiver of appeal may be found invalid when the defendant challenges compliance with Rule 11 procedure); CV Dkt. # 4 at 6–7; CV Dkt. # 5 at 1–2.

### 4. Structural Error

The Court rejects Miranda's argument that the Rehaif error is structural and requires automatic reversal. CV Dkt. # 5 at 8. The Supreme Court held in Greer that unpreserved Rehaif claims are subject to plain-error review on direct appeal under Federal Rule of Criminal Procedure 52(b). Greer v. United States, 141 S. Ct. 2090, 2099–100 (2021). In so holding, the Supreme Court rejected the same argument that Miranda makes here, that Rehaif errors that occur in a plea proceeding are "structural" and require automatic vacatur without regard to whether a defendant can otherwise satisfy the plain-error test. CV Dkt. # 5 at 8–10; see Greer, 141 S. Ct. at 2100 (holding that "a Rehaif error in a plea colloquy is . . . not structural."). The Supreme Court reasoned that structural errors are errors that affect the entire conduct of the proceeding from beginning to end, and therefore a Rehaif error in a plea colloquy is not structural. Greer, 141 S. Ct. at 2100. Discrete defects in the criminal process, such as the omission of the *mens rea* element in Miranda's plea colloquy, are not structural because they do not "*necessarily* render a criminal trial fundamentally unfair or an unreliable vehicle for determining guilt or innocence." Id. (citing Neder v. United States, 527 U.S. 1, 9 (1999)).

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 4

"Rehaif errors fit comfortably within the 'general rule' that 'a constitutional error does not automatically require reversal of a conviction.'" Id. (quoting Arizona v. Fulminante, 499 U.S. 279, 306 (1991)).

**B.   Procedural Default**

A defendant who fails to raise a claim on direct appeal is generally barred from raising the claim on collateral review in federal habeas cases. Sanchez-Llamas v. Oregon, 548 U.S. 331, 350–51 (2006). Miranda's claim is procedurally defaulted because he did not attack the voluntariness and intelligence of the plea on direct review. See Bousley v. United States, 523 U.S. 614, 622 (1998); Irvis v. United States, No. C20-954TSZ, 2021 WL 606359, at *2 (W.D. Wash. Jan. 11, 2021). To overcome procedural default, Miranda must "show both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982).

The Court assumes without deciding that Miranda can establish cause to excuse procedural default but concludes that Miranda cannot demonstrate actual prejudice. See Irvis, 2021 WL 606359, at *2. To demonstrate actual prejudice to overcome procedural default, Miranda would need to show "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (citing Frady, 456 U.S. at 170); see also Cruickshank v. United States, 505 F. Supp. 3d 1127, 1133 (W.D. Wash. 2020) (applying Murray in the context of a plea agreement). When evaluating whether a petitioner sustained prejudice, the Court "may consult the whole record when considering the effect of any error on substantial rights." United States v. Vonn, 535 U.S. 55, 59 (2002). To demonstrate actual prejudice, Miranda must show at minimum that the Rehaif error would have been reversible plain error if it had been raised on direct appeal. See Irvis, 2020 WL 606359, at *2; Cruickshank, 505 F. Supp. 3d at 1133. Plain error requires showing (1) there was an error, (2) the error is clear or obvious, (3) the error affected [the defendant's] substantial rights, and (4) the error seriously affected the fairness,

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 5

integrity, or public reputation of judicial proceedings. United States v. Benamor, 937 F.3d 1182, 1188 (9th Cir. 2019) (citing United States v. Olano, 507 U.S. 725, 734 (1993)). As Miranda's case is a collateral attack, the standard is "significantly higher" than plain error—the petitioner must show "cause and actual prejudice." Frady, 456 U.S. at 167. Therefore, if Miranda's claim would not constitute reversible plain error, Miranda necessarily cannot show actual prejudice.

In Benamor, the Ninth Circuit reviewed a Rehaif error at trial on direct appeal when the defendant had previously been convicted of felon-in-possession charges for which he served prison sentences of more than one year. 937 F.3d at 1189. The court held that the prior convictions for being a felon in possession of a firearm and being a felon in possession of ammunition proved beyond a reasonable doubt that the defendant had knowledge of prohibited status required by Rehaif and that any error in not instructing the jury to make such a finding did not affect the defendant's substantial rights or the fairness, integrity, or public reputation of the trial. Id.

Similarly, the Ninth Circuit has held in three unpublished dispositions reviewing guilty pleas with Rehaif errors that, considering record evidence of knowledge of prohibited status, the petitioners failed to show a reasonable probability that they would have continued to plead not guilty without the alleged error and/or failed to show the effect on the fairness, integrity, or public reputation of the proceedings. United States v. Johnson, 833 F. App'x 665, 667–68 (9th Cir. 2020) (assuming that defendant's substantial rights were affected but concluding that he failed to show an adverse effect on the fairness, integrity, or public reputation of proceedings); United States v. Espinoza, 816 F. App'x 82, 84 (9th Cir. 2020), cert. denied, 141 S. Ct. 2818 (2021) (holding that defendant failed to establish that the error affected his substantial rights because he did not show a reasonable probability that, but for the error, he would not have entered the plea); United States v. Valencia-Barragan, 819 F. App'x 508, 511 (9th Cir. 2020) (holding that the record did not show a reasonable probability that the defendant would not have pleaded guilty, but for the error, where the record reflected defendant's knowledge of the

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 6

relevant conviction through participation in treatment program). Although these opinions are unpublished, they are persuasive.

The omission of the knowledge-of-status element in Miranda's plea agreement satisfies the first two prongs of plain error analysis—under Rehaif, the omission was an error and the error is plain. See e.g., Benamor, 937 F.3d at 1188; United States v. Johnson, 979 F.3d 632, 636 (9th Cir. 2020). Even assuming Miranda can show the error affected his substantial rights,[2] Miranda cannot show the error seriously affected the fairness, integrity, or public reputation of judicial proceedings if his conviction were affirmed.

Miranda's prior conviction and prison sentence of 19.5 months are substantial evidence that he had a prior felony conviction, he had been sentenced to more than one year in prison, and he had been informed that it was unlawful for him to possess a firearm due to the nature of the conviction itself. See CR Dkt. # 68 at 9 (summarizing defendant's prior conviction for "Attempted Unlawful Possession of a Firearm 1st Degree"); Benamor, 937 F.3d at 1189. Because Miranda actually served more than a year in prison, he cannot credibly argue he was unaware of his status as a person previously convicted of an offense punishable by more than a year in prison. See Cruickshank, 505 F. Supp. 3d at 1134 (holding that a habeas petitioner could not demonstrate actual prejudice when he had previously received prison sentences of 14 and 84 months and therefore "could not plausibly assert that a jury would find that he was unaware of his status as a person previously convicted of an offense punishable by more than a year in prison"). "If a person is a felon, he ordinarily knows he is a felon. 'Felony status is simply not the kind of thing that one forgets.'" Greer, 141 S. Ct. at 2097 (citing United States v. Gary, 963 F.3d 420, 423 (4th Cir. 2020) (Wilkinson, J., concurring in denial of reh'g en banc)). Further, Miranda has not disputed that he was a felon, nor has he argued he would have presented

---

[2] The Ninth Circuit has taken differing approaches to analyzing the third prong of the plain error test. Compare Johnson, 833 F. App'x at 667–68 (unpublished opinion which assumed without deciding that the petitioner met the third prong of the plain error test because the petitioner could not show the fourth prong) with Benamor, 937 F.3d at 1189 (published opinion analyzing both the third and fourth prongs of the plain error test to find defendant could meet neither).

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 7

evidence that he did not know he was a felon. See generally CV Dkt. Therefore, Miranda could not have reasonably believed at the time he pleaded guilty that the government would have been unable to prove he knew of his status as a felon. Miranda fails to show how the error affected the fairness, integrity, or public reputation of judicial proceedings when the record includes overwhelming evidence that Miranda had knowledge of his prohibited status. See Johnson, 979 F.3d at 638–39 (failure to show an adverse impact on the fairness, integrity, or public reputation of judicial proceedings when the record included overwhelming evidence of the omitted element).

Miranda argues that the *mens rea* omission in his plea colloquy eliminated any incentive to develop defense arguments on his mental state. CV Dkt. # 5 at 5–6. Miranda's assertion that he might have developed arguments regarding his mental state had he known about the knowledge-of-status element shows only a "*possibility*" of prejudice, not the "*actual* and substantial disadvantage" required under Murray. 477 U.S. at 494 (emphasis in original); see also Cruickshank, 505 F. Supp. 3d at 1134 (applying Murray in the context of a plea agreement to hold that petitioner's assertion that he might have developed defense arguments did not show actual prejudice). Miranda's argument that he was deprived of the opportunity to develop defense arguments on his mental state does not show how the fairness, integrity, or public reputation of judicial proceedings would be impacted if his conviction was affirmed. See e.g., McKean v. United States, No. C20-5596BHS, 2020 WL 7385714, at * 6 (W.D. Wash. Dec. 16, 2020) (holding that petitioner's "argument that he was deprived of the opportunity to develop arguments on his mental state does not show how . . . the fairness, integrity, or public reputation of judicial proceedings would be affected if his conviction was affirmed," particularly when there is no evidentiary basis for potential mental state arguments and no claim his plea would have changed); Stewart v. United States, No. C20-5598BHS, 2020 WL 7385721, at * 6 (W.D. Wash. Dec 16, 2020) (same); Ibarra v. United States, No. C20-5592BHS, 2020 WL 7385713, at *5 (W.D. Wash. Dec. 16, 2020) (same).

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 8

Miranda has not demonstrated that the Rehaif error seriously affected the fairness, integrity, or public reputation of judicial proceedings. Miranda fails to satisfy this fourth prong of the plain error analysis due to the overwhelming evidence of his requisite knowledge of his prohibited status, as well as the lack of evidentiary basis for potential mental state arguments, and the fact that he never claimed he would not have entered the plea but for the error. Because Miranda has not met the plain error test, he necessarily cannot meet the "significantly higher" actual prejudice standard under Frady, 456 U.S. at 167. The Court is persuaded that even if Miranda's plea was tainted by the failure to advise him of the knowledge-of-status element, any error was not sufficiently prejudicial to excuse his procedural default.

## C.  Rehaif Claim

The Court declines to reach the merits of Miranda's motion because Miranda has not met his burden to show cause and actual prejudice to excuse his procedural default.

## D.  Certificate of Appealability

The Court declines to issue a certificate of appealability. A defendant may not appeal a decision denying a motion under 28 U.S.C. under § 2255 without obtaining a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). To obtain a certificate of appealability, the defendant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[3] Slack, 529 U.S. at 484. If a defendant's claim is found to be procedurally defective, he must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. In such a circumstance, as is the case here, no appeal is warranted.

---

[3] Miranda seeks a certificate of appealability on the issue of whether a Rehaif error in a guilty plea case is structural, but the Supreme Court has since held in Greer that a Rehaif error in a plea colloquy is not structural. CV Dkt. # 5 at 13; 141 S. Ct. at 2100.

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 9

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS:

(1) Miranda's motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence (Dkt. # 1) is DENIED; and

(2) Miranda is DENIED a certificate of appealability under 28 U.S.C. § 2253.

DATED this 5th day of November, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 - 10